## THE COLLECTOR v. DOSWELL & Co.

1. Commercial brokers who act wholly as buyers (other parties acting as sellers, and these, and not the brokers, receiving the purchase-money) do not make "sales" as commercial brokers within the meaning of the Internal Revenue Act of July 13th, 1866, laying a tax of one-twentieth of one per cent. on the amount of all sales made by such brokers.

2. This is not altered by the fact that the compensation to the brokers for making purchases was one-half of one per cent. paid by the buyer,

---

* 15 Stat. at Large, 243.    † 11 Wallace, 178.

and one-fourth of one per cent. paid by the seller, under a custom of trade prevalent in the city where the purchases were made, established when brokers were sellers as well as buyers, though not kept up at the time of the sales under consideration.

ERROR to the Circuit Court for the District of Louisiana.

The ninth section of the act of July 13th, 1866, to reduce internal taxation, and to amend the internal revenue laws,* declares, among other things, that there shall be paid monthly on all *sales* by commercial brokers of any goods, wares, or merchandise, a tax of one-twentieth of one per cent. on the amount of said *sales*, and on or before the tenth day of each month every commercial broker shall make a list or return to the assessor of the district of the gross amount of such *sales*, as aforesaid, for the preceding month; provided, that, in estimating such sales of goods, wares, and merchandise, for the purpose of this section, *any sales made by or through another broker, upon which a tax had been paid*, shall not be estimated and included as sold by the broker for whom the sale was made.

Doswell & Co., cotton brokers of New Orleans, having paid a tax assessed against them under this statute, and made in vain an appeal to the commissioner of internal revenue to get back the money paid, brought this suit against the collector, to whom they had paid it.

On the trial an agreed statement of facts was submitted to the court, by which it appeared that the plaintiffs did not sell any cotton or other goods, but limited themselves to making purchases for those who required their services; that the money was paid by their principals directly to the parties who made the sales, and that their compensation for making the purchases was one-half of one per cent. paid by the buyer, and one-fourth of one per cent. by the seller, under a custom of the trade in New Orleans, established when cotton brokers were sellers as well as buyers, and kept up, though they were so no longer.

The case agreed on further showed that a tax on all the

* 14 Stat. at Large, 134.

sales for which the plaintiffs were assessed, had been paid by the parties making the sales.

The court below gave judgment for the plaintiff, and the record of that judgment the government now brought here for review.

*Mr. G. H. Williams, Attorney-General, and Mr. S. F. Phillips, Solicitor-General, for the collector, plaintiff in error,* submitted the case on a statement of it, and without argument.

*Mr. Frederick Chase, contra.*

Mr. Justice MILLER delivered the opinion of the court.

That the plaintiffs did not make sales as commercial brokers is too clear for argument. They acted wholly as buyers and other parties as sellers. The per cent. paid them by the sellers under the usage does not change their relation to the transaction.

The section of the statute referred to provides for taxes in a great variety of sales by bankers, brokers, and others, of stocks, real estate, &c., but it is always a tax on *sales*, and always collected of the seller, or his broker or agent.

It is stated in the agreement of facts submitted that a tax on all the sales for which the plaintiffs were assessed had been paid by the parties making the sales. This clearly relieved the plaintiffs from any obligation to pay this tax, if it otherwise existed, under the *proviso* of the ninth section of the statute.

It is so very clear, upon applying the statute to the agreed statement of facts, that the transactions charged against the plaintiffs were not sales, and not taxable to them, that it cannot be made plainer by argument; and, while the law officers of the government have furnished a brief statement of the facts, they have neither cited the statute nor made an argument against the right of the plaintiffs to recover.

The judgment of the Circuit Court in their favor is therefore

AFFIRMED.